UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                                              Date:  June 2, 2011
Title:  Marie Pittman v. Avish Partnership, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS'
                              MOTION FOR A SECURITY BOND (Doc. 47.)**

## I.   INTRODUCTION AND BACKGROUND

Marie Pittman, serving as guardian *ad litem* for her minor child, Plaintiff L.P. ("Plaintiff"), alleges that on two separate occasions in September and October 2008, Defendants Avish Partnership, Neha, LLC, Dipak Patel, Magaly Zapata, Darlin Peraza, and David Ortega ("Defendants") refused Plaintiff a room at Defendants' Super 8 Motel because Plaintiff was accompanied by a service dog.  (First Amended Complaint, "FAC," ¶¶ 9, 10.)  Based on Defendants' actions, Plaintiff filed suit alleging claims for (1) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101, *et seq.*, (2) discrimination in violation of the Unruh Civil Rights Act, California Civil Code section 51, *et. seq.*, (3) and intention infliction of emotional distress.  (*See generally id.*)  Defendants have filed a motion for a security bond pursuant to California Code of Civil Procedure section 1030.  (Doc. 47.)  Plaintiff filed an opposition and Defendants replied.  (Docs. 50, 52.)  At the Court's request, the parties submitted supplemental briefing as to Plaintiff's alleged indigency and the reasonableness of the amount of the security bond that Defendants seek.  (Docs. 60, 62-68.)  Having considered the parties' briefs, the Court GRANTS Defendants' motion for a security bond pursuant to section 1030 and sets the bond at $50,000.

**cc:  FISCAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

## II. LEGAL STANDARD

"[F]ederal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet East Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987)).  "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Id.* (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2nd § 2671).

"In requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts." *Id.* at 575-76.  "In order to avoid depriving a plaintiff of access to the courts by a security bond requirement, the courts in some cases must strike a delicate balance" by considering three factors: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Id.* at 576 (quoting *Aggarwal v. Ponce School of Med.*, 745 F.2d 723, 727-28 (1st Cir. 1984)).

## III.    DISCUSSION

Defendants request Plaintiff to file a bond pursuant to California Code of Civil Procedure section 1030 in the amount of $240,000 for costs and attorney's fees in the event that Defendants prevail in this matter.  "Generally, a California defendant proceeds without assurance of the plaintiff's ability to pay costs at the lawsuit's end." *Sutter County v. Superior Court*, 244 Cal. App. 2d 770, 773 (Cal. Ct. App. 1966).  However, "[t]his lack of assurance is tempered by statutes requiring or authorizing security for costs in selected kinds of litigation," including Code of Civil Procedure section 1030. *Id.*  "The purpose of [section 1030] is to [1] enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction . . . [and] [2] prevent out-of-state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

residents from filing frivolous lawsuits against California residents." *Alshafie*, *v. Lallande*, 89 Cal. Rptr. 3d 788, 794 (Cal. Ct. App. 2009) (quoting *Yao v. Superior Court*, 104 Cal. App. 4th 327, 331 (Cal. Ct. App. 2002)) (internal quotation marks omitted).

Section 1030 holds that if a foreign plaintiff files suit in California and "there is a reasonable possibility that the moving defendant will obtain judgment in the action," at a defendant's request, the Court may order the plaintiff to file an undertaking in an amount specified by the Court "as security for costs and attorney's fees." Cal. Civ. Proc. Code § 1030(a)-(c); *see Alshafie*, 89 Cal. Rptr. 3d at 794 ("Plaintiffs who reside outside of California may be required to post an undertaking to ensure payment of costs to a prevailing defendant."). Section 1030 states that "attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract." Cal. Civ. Proc. Code § 1030(a). The Court has the discretion to award attorney's fees and costs to the prevailing party on Plaintiff's ADA claim. 42 U.S.C. § 12205 ("In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."). However, "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997)) (internal quotation marks omitted); *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). The Court can award attorney's fees under the Unruh Act to plaintiffs, but not defendants. *See* Cal. Civil Code § 52(a) (stating that "any person denied the rights" can obtain "any attorney's fees that may be determined by the court"); *Molski v. Arciero Wine Grp.*, 79 Cal. Rptr. 3d 574, 579 (Cal. Ct. App. 2008) ("As with the Unruh Civil Rights Act, the plaintiff will be entitled to attorney's fees if he or she prevails, but the defendant will not."). Thus, to warrant a security bond for costs and attorney's fees in this instance, Defendant must show that Plaintiff is foreign, and that there is reasonable possibility both that Defendant will obtain judgment and that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

Plaintiff's claims are frivolous, unreasonable, or without foundation.  *See Brown*, 246 F.3d at 1190 ("Because § 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA.").

Plaintiff does not dispute that she is a resident of Tennessee.  Plaintiff asserts, however, that a bond is not proper because Defendants cannot show that they have a reasonable possibility of obtaining judgment and because Plaintiff's indigency prevents her from being able to post a bond.  "Where the plaintiff establishes indigency, a trial court has discretion to waive the posting of security under Code of Civil Procedure section 1030."  *Baltayan v. Getemyan*, 90 Cal. App. 4th 1427, 1433-34 (Cal. Ct. App. 2001); *Alshafie*, 89 Cal. Rptr. 3d at 794 ("Even if the defendant establishes the grounds for an undertaking, the trial court may waive the requirement if the plaintiff establishes indigency.").  "The public policy underlying an indigent's entitlement to a waiver of security costs is essentially 'access trumps comfort.'" *Alshafie*, 89 Cal. Rptr. 3d at 795 (quoting *Baltayan*, 90 Cal. App. 4th at 1442 (Johnson, J. concurring)).  Taking into account the three *Simulnet* factors, the Court considers whether (1) Defendants have shown a "reasonable possibility" of prevailing in this matter and that Plaintiff's claims are frivolous, (2) whether Plaintiff has shown that she is indigent, and (3) the reasonableness of the security bond amount.

   A. <u>Defendants Have Shown a Reasonable Possibility of Prevailing and That Plaintiff's Claims Are Frivolous</u>

To satisfy the "reasonable possibility" standard, Defendants are usually "not required to show that there was no possibility that [Plaintiff] could win at trial, but only that it [is] reasonably possible that [Defendants] could win."  *Baltayan*, 90 Cal. App. 4th at 1432; *see Gabriel Technologies Corp. v. Qualcomm, Inc.*, No. 08-CV-1992, 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010) ("To satisfy the requirements of section 1030, Defendants must produce sufficient evidence to demonstrate they have a 'reasonable possibility' of defeating . . . Plaintiffs' claims, but no more.").  Here, however, Defendants must not only show that they have a reasonable possibility of obtaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-1390-JST (OPx) | Date: June 2, 2011 |
| Title: Marie Pittman v. Avish Partnership, et al. | |

judgment, but also that there is a reasonable possibility that Plaintiff's claims are frivolous. Defendants have satisfied their burden.

"An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). "Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060 (9th Cir. 2007).

Defendants assert that Plaintiff's counsel, Mr. Murphy, has a history of bringing frivolous and unmeritorious discrimination claims against the named Defendants in the Central District of California. While mere unsuccessful litigation by counsel in other discrimination cases would hardly be a valid basis upon which to conclude that there is a reasonable possibility that *this* Plaintiff's claims are frivolous, in light of the identity between the claims asserted and the evidence proffered in those cases and the claims and evidence in this case, the Court finds it relevant to the analysis.

First, the Court can take judicial notice of other courts' rulings as they are matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). In *Davis v. Avish Partnership*, CV 09-580-RGK (RZx), Mr. Murphy represented a plaintiff who alleged nearly identical claims as those here, i.e., that Defendants denied plaintiff accommodations at their Super 8 Motel because plaintiff was a minority and was accompanied by a service dog. (Defs.' Req. Jud. Not., Doc. 48, Ex. A.) After a three-day jury trial, the jury unanimously decided in favor of Defendants. (*Id.* at 2.) Judge R. Gary Klausner subsequently awarded Defendants attorney's fees under section 12205, finding that "plaintiff made false factual assertions at trial and did not bring any evidence to support his claims," "plaintiff's case-in-chief lacked an arguable basis in law or fact," and, ultimately, that "plaintiff's claims were frivolous." (*Id.* at 2-3.) On March 28, 2011, in another similar accommodation discrimination case, *Norma Davis v. Dipak Patel, et al.*, CV 10-6239-PSG (Ex), Judge Philip S. Gutierrez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

granted summary judgment against the plaintiff, also represented by Mr. Murphy, finding that "Plaintiff fail[ed] to point to a single piece of admissible evidence that creates even one triable issue with respect to even one" of her discrimination claims.  (*Id.*, Ex. C at 10.)

Here, Plaintiff's claims similarly rest on allegations that she visited Defendants' Super 8 Motel with Pittman in September 2008 and with Pittman and Plaintiff's sister Joan Clavon in October 2008, and that Defendants denied her accommodations both times.  (*See* FAC ¶¶ 8-10.)   However, Defendants have produced deposition testimony from both Pittman and Clavon that refute those allegations.  In the matter *Marie Pittman, et al. v. North Hollywood Super 8 Motel*, Los Angeles Superior Court, Case No. EC048723, Pittman, after coaching from counsel, testified that she was in California only in October 2008, not September 2008.  (Collins Decl., Doc. 47, Ex. B., Pittman Depo. 29:7-24.)  Pittman's testimony directly contradicts Plaintiff's allegation that Defendants' denied her and Pittman accommodations in September 2008.  Moreover, in a separate matter *Joan Clavon et al. v. Nitin Patel, et al.*, Clavon testified at a January 13, 2011 deposition that she and Plaintiff were never denied access at Defendants' motel.  (*See id.*, Ex. A., Clavon Depo. 93:23-94:16.)  When asked if the incident underlying the *Nitin Patel* case, which was separate from those incidents alleged here, was "the only incident in which [Clavon], and [Pittman], and [Plaintiff] . . . went into a motel and were denied a room," Clavon responded, "Yes."  (*Id.* 97:6-19.)

Plaintiff attempts to refute this evidence by pointing to a video that Pittman allegedly took and that allegedly "proves" that Plaintiff and Pittman were at Defendants' motel and Defendants refused them accommodations.  (Pl.'s Opp'n 8-9; Pittman Decl. 1, Doc. 50-1, ¶ 7.)  After reviewing the video, the Court disagrees and finds that it proves nothing of the sort.  Due to the video's extremely poor visual quality and complete lack of audio, it is impossible to decipher who appears in the video, where the scene takes place, or exactly what occurs.  Mr. Murphy attempted to utilize similar video evidence, to no avail, in *Davis v. Avish* and *Davis v. Patel*.  In *Davis v. Patel*, Judge Gutierrez found that the video was not properly authenticated and therefore inadmissible under Rule 56(e).  (Defs.' Req. Jud. Not., Ex. C at 4.)   In *Davis v. Avish*, Judge Klausner likewise found that the video was inadmissible because it had "such poor audio quality that [it]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                        Date:  June 2, 2011
Title:  Marie Pittman v. Avish Partnership, et al.

could not be understood without subtitles," and that "the recorded incident took place months after Plaintiff was allegedly turned away from the same hotel." (*Id.* Ex. E at 1.) Here, the Court similarly finds that the Plaintiff's video is of such poor quality that it fails to prove any of Plaintiff's claims and, thus, does not dispel Pittman's and Clavon's testimony that directly contradicts Plaintiff's allegations.  Pittman's and Clavon's testimony, combined with Plaintiff's failure to produce sufficient countervailing evidence, establishes a reasonable possibility that Plaintiff's claims are frivolous and, furthermore, that Defendant will obtain a favorable judgment.

      Defendants therefore satisfy both requirements under section 1030 to require Plaintiff to post a security bond.  Because Plaintiff argues that she is indigent and unable to post a bond, the Court turns to that question next.

  B.  Indigency

      "The party seeking relief from the requirement of posting a bond or undertaking has the burden of proof to show entitlement to such relief." *Williams v. FreedomCard, Inc.*, 20 Cal. Rptr. 3d 220, 222 (Cal. Ct. App. 2004).  "It is by no means certain, however, what the nature of that showing must be." *Alshafie*, 89 Cal. Rptr. 3d at 797.  Indeed, "because the range of information potentially relevant to the court's inquiry is virtually limitless, depending on the litigant's individual situation, [California courts] [have not] identif[ied] with precision what a plaintiff who has not achieved in forma pauperis status must present to carry his or her burden of proof on this issue." *Id.* at 799.  "On one end of the spectrum, a sworn statement of hardship that includes some financial information but no supporting documentation may be sufficient." *Id.* at 797; *see Fuller v. California*, 1 Cal. App. 3d 664, 668 (Cal. Ct. App. 1969) ("In general, an affidavit that states that plaintiff is unable to give security for costs is sufficient.").  "On the other end of the spectrum, a party formally seeking in forma pauperis status to be relieved of paying specified court fees and costs, which . . . could include a section 1030 undertaking as an additional court fee or costs, must complete a mandatory Judicial Council form (currently designated form FW-001) and provide the specified financial information." *Alshafie*, 89 Cal. Rptr. 3d at 798; *see Sutter County*, 244 Cal. App. 2d at 772-73 (an order granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

plaintiff leave to proceed with security for costs because of indigence is reviewed under the same standards as an in forma pauperis order).  Thus, "when the plaintiff has, for whatever reason, elected not to seek in forma pauperis status, there is no rigid standard for the requisite showing of indigency" and "it ultimately remains with the court's discretion to determine whether to grant a waiver."  *Alshafie*, 89 Cal. Rptr. 3d at 799.

Plaintiff L.P. is the party in interest in this case and has not elected to seek in forma pauperis status.  *Dana J. v. Superior Court*, 484 P.2d 595, 598 (Cal. 1971) ("[I]t is well established that the child is the real party in interest to an action brought by his parent or guardian on his behalf.").  Plaintiff argues that she is a child with no assets, lacking the means to post a security bond.  Defendants argue that Plaintiff has assets, namely proceeds from a $150,000 settlement in 2009.  Defendants argue further that, to determine Plaintiff's indigency, the Court should consider the assets of Pittman, Plaintiff's adoptive mother, which consist of a home and a portion of the aforementioned $150,000 settlement.  The first question, then, is whether the Court considers Pittman's assets in determining Plaintiff's indigency.  The Court concludes that it does.

Plaintiff, a 5-year old quadriplegic child with cerebral palsy, is dependent on her mother Pittman for her care and needs.  (Pittman Decl. 1 ¶¶ 2-3.)  As with most minor children, Plaintiff's financial status is directly tied to that of her guardian or parent, in this case Pittman.  Thus, to determine a child's indigency, the Court necessarily considers the economic status of the child's guardian or parent.  This principle appropriately applies in the context of posting a security bond for litigation costs because parents are held liable for attorney's fees incurred by their minor children.  *See In re Ricky H.*, 86 Cal. Rptr. 76, 80 (Cal. 1970) ("There exists substantial authority holding that counsel fees incurred on behalf of a minor child are in the nature of 'necessaries' for which the parents are liable.").  *But see Dana J.*, 484 P.2d at 598 ("parental refusal to provide legal assistance to an otherwise indigent minor should not result in depriving him of that assistance").  Moreover, because a plaintiff can rely on sureties to support an undertaking such as a security bond, the financial status of Plaintiff's potential guarantors, like her mother, is relevant.  *See Fuller*, 1 Cal. App. 3d at 667 ("A plaintiff financially unable to post a cash bond or to pay the premium on a surety bond may, nevertheless, have friends or relatives willing and able to qualify as sureties.").  In addition, Pittman seeks to benefit from any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-1390-JST (OPx)                                              Date:  June 2, 2011
Title:  Marie Pittman v. Avish Partnership, et al.

proceeds from this litigation and therefore should be required, if necessary, to provide security for the litigation.  Local Rule 83-5.5.1 holds that any funds recovered either by settlement or judgment on behalf of a minor living in a state other than California "shall be disbursed pursuant to the restrictions of the state of residence similar to the provisions of California Probate Code §§ 3600 *et seq.*"  C.D. Cal. R. 83-5.5.1.  California Probate Code section 3601(b)(1) permits the Court to direct such funds to "a parent of the minor, the guardian ad litem, or the guardian of the estate of the minor."  Cal. Prob. Code § 3601(b)(1).  Tennessee law directs that, for funds under $20,000, "the court, in its discretion, may direct the fund to be paid to the natural guardian of the minor or the other person having the care and custody of the minor."  Tenn. Code Ann. § 34-1-104 (West 2011).  Thus, Pittman's financial status bears directly on the question of Plaintiff's alleged indigency.

      To prove Plaintiff's indigency, Plaintiff originally submitted a declaration from Pittman that stated Plaintiff "does not have any money or assets."  (Pittman Decl. 1 ¶¶ 2, 4.)  Pittman's declaration also stated that "it would be impossible for [Pittman] to get a cost bond for my daughter's case."  (*Id.* ¶ 4; *see id.* ¶ 5.)  However, Defendants have presented evidence that Plaintiff, as well as Pittman and her daughter Clavon, were recipients of a $150,000 settlement in June 2009.  (Collins Decl., Ex. H.)  Defendants presented further evidence that Pittman owns a house in Tennessee valued at $99,600.  (Collins Decl., Ex. C.)  As to the house and settlement, Pittman declared that:

> the home I own is worth nothing because I owe more money on a mortgage on my house than what it is worth.  As for the lawsuit that was settled two years ago after all the costs and expenses were taken out of the case that settled I got a lot less than what this hotel says, and that settlement money was spent a long time ago on my daughter's case, constant doctor visits, school, transportation, clothing, wheelchairs, and other huge medical care expenses.

(Pittman Decl. 1 ¶ 4.)  Pittman's declaration addressed the disposition of her share of the proceeds of the $150,000 settlement, and as to that disposition provided no corroborating documentation.  In addition, Pittman's declaration failed entirely to address what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

occurred to the proceeds received by Plaintiff.  The Court determined that it lacked sufficient information as to Plaintiff's alleged indigency and allowed Plaintiff to submit further documentation.  (Doc. 60); *see Alshafie*, 89 Cal. Rptr. 3d at 800 ("[T]he court must review the plaintiff's showing, identify deficiencies . . . and give the plaintiff the opportunity to supply additional information that may be necessary to establish his or her entitlement to a waiver under the circumstances of the particular case.").  The Court referred Plaintiff to California's Judicial Council form (Form FW-001) and the United States Central District of California's Form CV-60 Request to Proceed in Forma Pauperis as guidance.  (Doc. 60 at 2); *Alshafie*, 89 Cal. Rptr. 3d at 799 ("[A] plaintiff seeking such a waiver would be well advised to provide the detailed financial information requested on the mandatory Judicial Council form for obtaining in forma pauperis status" because "[c]ompleting that form would provide the trial court with a solid basis for making the waiver decision.").

In response, Plaintiff filed only a 2-page declaration from Pittman.  In this second declaration, Pittman represents that Plaintiff "has nothing of value other than a customized wheelchair" and "a bank account with $4.00 in it."  (Pittman Decl. 2, Doc. 64, ¶ 2.)  Pittman also states that Plaintiff "does not have any money, vehicles, stocks, bonds, or assets of any kind whatsoever."  (*Id.*)  Pittman's second declaration, like her first, fails to address what became of Plaintiff's one-third portion of the June 2009 $150,000 settlement.  Plaintiff's continued failure to address that basic query undercuts Pittman's claim that Plaintiff "has nothing."  Furthermore, Pittman states that she owns a $5,000 car, an alleged valueless house, and $1,500 in jewelry, and that she covers certain expenses each month such as a house payment.  Plaintiff again fails to provide any corroborating documentation, such as Plaintiff's or Pittman's bank statements, Pittman's tax returns and mortgage documents, or valuation estimates for Pittman's car and home.  Pittman's second declaration also contradicts her first declaration in a very significant way.  Specifically, in her second declaration, Pittman states that Medicare and insurance cover most medical and child care expenses:

> Aside from unexpected deductibles, United Health Care and Medicare cover most of our medical and child care expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

>            which cost over $10,000.00 a month with all the medical
>            supplies, treatments and full time private nurses we need.

(Pittman Dec. 2 ¶ 9.)  In contrast, Pittman's first declaration told the Court that the settlement proceeds were "spent a long time ago on my daughter's case, constant doctor visits, school, transportation, clothing, wheelchairs, and other huge medical care expenses."  (Pittman Decl. 1 ¶ 4.)  The two statements are irreconcilable.  Although a party's declaration may be sufficient in some circumstances to show his or her indigency, when said declaration represents the only evidence offered by the party, lacks corroborating documentation, and is directly contradicted by the party's subsequent declaration, the Court accords it very little weight and finds it insufficient to show indigency.  *See Williams v. Calderon*, 41 F. Supp. 2d 1043, 1048 (C.D. Cal. 1998) ("[T]he Court gives no weight to this testimony because it is contradicted by [party's] later declaration and is at odds with the other evidence presented on this issue.").  Thus, the Court finds that Plaintiff has failed to show that the security bond should be waived based on her indigency.

   C. <u>Reasonableness of Bond</u>

       The circumstances of this case warrant Plaintiff's posting of a security bond.  The Court recognizes, however, "the guiding principle that litigation costs are not intended to be used as a tool to deny access to the courts, nor to deter persons from asserting their rights at the cost of their ability to provide the necessities of life."  *Garcia v. Santana*, 94 Cal. Rptr. 3d 299, 304 (Cal. Ct. App. 2009).  Even when the Court finds that a complete exemption from a security bond is not warranted, it "may have to reduce the security bond required for middle income litigants."  *Alshafie*, 89 Cal. Rptr. 3d at 800-01.  Accordingly, the Court considers the reasonableness of the bond amount from the perspective of both Plaintiff and Defendants.  *See Simulnet*, 37 F. 3d at 576.
       Defendant requests a $240,000 bond, which would cover approximately $45,000 in costs and $195,000 in attorney's fees that Defendants would incur though trial in this matter.  (Defs.' Suppl. Br., Doc. 62, at 9-10.)  At the Court's request, Defendants have submitted a supplemental brief and a declaration from Robert Collins, Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-1390-JST (OPx) | Date:  June 2, 2011 |
| Title:  Marie Pittman v. Avish Partnership, et al. | |

counsel, along with billing narratives that sufficiently show that Defendants likely will incur costs and attorney's fees in those amounts if this case were to proceed all the way through trial.  (*See generally* Collins Decl. 2, Doc. 63; *see id.*, Exh. A.)  Indeed, Defendants have already incurred costs and attorney's fees of $80,000, even though substantial discovery has not yet occurred and neither side has filed a dispositive motion.  (*Id.* ¶ 2.)  These costs and attorney's fees will likely be exacerbated by Plaintiff's counsel's recent indication that he will communicate with Defendants' counsel only in writing.  (Collins Decl. 3, Doc. 68, Ex. 2.)

      To arrive at a reasonable bond amount, the Court balances Defendants' interest in securing its right to recover fees and costs with Plaintiff's ability to post the bond.  Although Plaintiff's exact means remain unclear, the Court acknowledges that its finding that Plaintiff failed to show indigency rests in large part on Plaintiff's failure to adequately address the disposition of the $150,000 settlement proceeds.  However, even if Plaintiff and Pittman retained all of the proceeds, Plaintiff could not satisfy a $240,000 security bond.  Further, Defendants' $240,000 estimate is based on the assumption that this case will go through trial.  In light of Defendants' position that Plaintiff's claims are frivolous, they cannot assert with equal vigor that they will incur fees and costs through trial.

      Thus, the Court must arrive at a bond figure that provides Defendants' with security but does not effectively deprive Plaintiff of her day in court.  The Court finds that requiring Plaintiff to post a $50,000 security bond is reasonable in this circumstance.  In 2009, Plaintiff received one-third of a $150,000 settlement and has failed to explain what occurred to those proceeds.  Further, Plaintiff's guardian and mother, Pittman, was a beneficiary of that 2009 settlement and has also failed to provide a reasonable, uncontroverted explanation as to the disposition of her portion of the settlement.  Pittman also owns a home in Tennessee worth approximately $99,600, and has not offered any evidence other than her unsupported declarations as to why the home could not be utilized for the bond.

      Thus, a $50,000 bond will enable Defendants to secure costs and will not deny Plaintiff access to the Court.  Pursuant to section 1030(d), Plaintiff "shall file the undertaking not later than 30 days" after the issuance of this Order.  Cal. Civ. Code §

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                                              Date:  June 2, 2011
Title:  Marie Pittman v. Avish Partnership, et al.

1030(d).  If Plaintiff fails to file the bond within 30 days of this Order, the Court will dismiss the action.  *Id.*

IV.  CONCLUSION

The Court GRANTS Defendants' Motion for a security bond and orders Plaintiff to post a $50,000 security bond within 30 days of this Order.  Failure to do so will result in dismissal of this action.

Initials of Preparer:  enm

**cc:  FISCAL**