UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                              Date:  January 19, 2012
Title:  Marie Pittman v. Avish Partnership, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS (Doc. 80)**

     Before the Court is a Motion for Sanctions against Plaintiff's counsel, Glenn A. Murphy, filed by Defendants Avish Partnership, Neha, LLC, David Ortega, Darlin Peraza, Magaly Zapata, and Dipak Patel (collectively, "Defendants").  (Mot., Doc. 80.)  Mr. Murphy opposed the motion on January 2, 2012.  (Opp'n, Doc. 87.)  Defendants replied on January 9, 2012.  (Reply, Doc. 91.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 23, 2012, at 10:00 a.m. is VACATED.  For the reasons set forth below, the Court DENIES Defendants' Motion for Sanctions.

**I.   BACKGROUND**

     Attorney Glenn A. Murphy initiated this action on behalf of Marie Pittman ("Pittman"), serving as guardian ad litem for her minor child, Plaintiff L.P. ("Plaintiff"), on February 24, 2010.  (Compl., Doc. 1.)  On July 15, 2010, Mr. Murphy filed a First Amended Complaint (the "FAC") on Plaintiff's behalf.  (FAC, Doc. 31.)

     The FAC alleged that on two separate occasions in September and October 2008, Defendants refused Plaintiff a room at Defendants' Super 8 Motel because Plaintiff was accompanied by a service dog.  (FAC ¶¶ 9, 10.)  First, in September 2008, Defendants denied Plaintiff and Pittman accommodation on the basis of a general policy excluding pets from the motel, despite knowing that Plaintiff's dog was a licensed service animal.  (*Id*. ¶ 8.)  Then, in October 2008, Plaintiff, Pittman, and Pittman's elder daughter, Joan Clavon ("Clavon"), returned to the motel and were again denied a room on the same basis.  (*Id*. ¶ 9.)  Based on Defendants' conduct, the FAC asserted claims for (1) discrimination in violation of the Americans with Disabilities Act (the "ADA"), (2) discrimination in violation of the Unruh Civil Rights Act, and (3) intentional infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                          Date:  January 19, 2012
Title:  Marie Pittman v. Avish Partnership, et al.

      On June 2, 2011, the Court granted Defendants' Motion for a Security Bond pursuant to California Code of Civil Procedure § 1030, and ordered Plaintiff to post a $50,000 security bond within 30 days (the "June 2 Order"). (June 2 Order at 3-7, 13, Doc. 71.)  In so doing, the Court determined that it had discretion to award attorneys' fees and costs to a prevailing defendant under the ADA if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" (*Id*. at 3, citations omitted.)  Therefore, "to warrant a security bond for costs and attorney's fees in this instance, Defendant must show that . . . there is a reasonable possibility both that Defendant will obtain judgment and that Plaintiff's claims are frivolous, unreasonable, or without foundation." (*Id*. at 3-4.)  The Court found that Defendants had met their burden based upon the production of deposition testimony from Pittman and Clavon in other cases that refuted Plaintiff's allegations that she visited Defendants' motel with Pittman and Clavon in September and October 2008, and Plaintiff's failure to produce sufficient countervailing evidence. (*Id*. 5-7.)

      Plaintiff failed to post a bond, and, on July 19, 2011, the Court dismissed Plaintiff's claims for failure to comply with the June 2 Order (the "July 9 Order"). (July 9 Order, Doc. 74.) Plaintiff appealed the July 9 Order to the Ninth Circuit on August 8, 2011. (Notice of Appeal, Doc. 76.)  Thereafter, on October 17, 2011, Defendants filed their Motion for Sanctions in this Court.

II.   DISCUSSION

      Defendants' Motion seeks sanctions pursuant to both this Court's inherent authority and 28 U.S.C. § 1927.  The Court considers each basis in turn.

      A. *Inherent Authority*

      Defendants first seek sanctions pursuant to the Court's inherent authority in an amount equal to the total amount of their attorney's fees and costs expended in this action.

      A court may issue sanctions pursuant to the inherent powers "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted).  But, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. Accordingly, a court may issue sanctions pursuant to its inherent powers only upon a specific finding of "bad faith or conduct tantamount to bad faith." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002).  "[A] finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous . . . ." *Id*. (quoting *Fink v. Gomez*, 239 F.3d 989, 922 (9th Cir. 2001)).  Rather, "where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Id*.  "Sanctions are available for a variety of types of willful actions, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                      Date:  January 19, 2012

Title:  Marie Pittman v. Avish Partnership, et al.

recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*. (quoting *Fink*, 239 F.3d at 994).  In every case, however, "the level of misconduct must meet 'a high threshold' to be sanctionable." *Del Nero v. Midland Credit Mgm't*, No. CV 04-1040 ABC (SHx), 2010 WL 1227453, at *2 (C.D. Cal. Mar. 30, 2010) (quoting *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008)).

       Here, Defendants assert that sanctions are appropriate pursuant to the Court's inherent authority because the deposition testimony of Pittman in *Marie Pittman, et al. v. North Hollywood Super 8 Motel*, Los Angeles Superior Court Case No. EC048723, and Clavon in *Joan Clavon, et al. v. Nitin Patel, et al.*, 10-CV-6254 PA (CWx), which contradicts the allegations in the FAC regarding the alleged incidents of discrimination in September and October 2008, put Mr. Murphy on notice that Plaintiff's claims were frivolous prior to the filing of this action. (Mot. at 4-9.)  As a result, the filing of this action constitutes bad faith conduct that supports an award of sanctions against Mr. Murphy.  (*Id*.)  The Court disagrees.  While these statements provide evidence with which Defendants could mount a defense to Plaintiff's claims at trial or impeach testimony given by Pittman and Clavon in this matter, the statements do not conclusively establish that Mr. Murphy knowingly filed frivolous claims.[1]  Mr. Murphy has produced declarations from both Pittman and Clavon affirming that they were denied accommodation at Defendants' motel in September and October of 2008.  (Pittman Decl. ¶¶ 6-10, Doc. 87-1; Clavon Decl. ¶¶ 4-9, Doc. 87-2.)  In light of these circumstances, the Court finds that Defendants have failed to establish that Mr. Murphy filed this action in bad faith, and denies Defendants' request for sanctions pursuant to the Court's inherent authority.[2]

       **B.**  ***28 U.S.C. § 1927***

       Defendants also seek sanctions under 28 U.S.C. § 1927 in an amount equal to the excess attorneys' fees and costs incurred as a result of Mr. Murphy's "obstructionist and vexatious conduct."  (Mot. at 11.)

---

[1] Mr. Murphy objects to the Court's consideration of Clavon's deposition testimony on the basis of lack of authentication and hearsay.  However, the Court need not rule on Mr. Murphy's objections because, even assuming the authenticity of Clavon's statements, the Court finds that Defendants have failed to demonstrate that Mr. Murphy acted in bad faith.

[2] The Court's June 2 Order does not require a contrary result.  In its June 2 Order, the Court expressly clarified that "'[a]n action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith.'"  (June 2 Order at 5, citations omitted.)  While the Court found that Defendants had demonstrated "a reasonable possibility that Plaintiff's claims are frivolous," it did not conclude that Plaintiff's claims were, in fact, frivolous.  (*Id*. at 7.)  Nor did it make any finding that Mr. Murphy filed this action in bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-1390-JST (OPx)                                    Date:  January 19, 2012
Title:  Marie Pittman v. Avish Partnership, et al.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  An award of sanctions under § 1927 requires a finding that an attorney acted recklessly or in bad faith.  *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *B.K.B.*, 276 F.3d at 1107.  "Granting such sanctions is an extraordinary remedy, and a court should exercise its power to do so with 'extreme caution.'"  *Del Nero*, 2010 WL 1227453 at *1 (quoting *In re Keegan Mgm't Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996)).

In support of their request for sanctions under § 1927, Defendants direct the Court to the "detailed descriptions of the hours expended by Defendants' counsel . . . set forth in the attached billing narratives," and provide four representative examples of Mr. Murphy's supposed vexatious conduct.  (Mot. at 11-15.)  The Court finds that none of the examples set forth in Defendants' Motion constitute recklessness or bad faith that would justify the imposition of sanctions, and respectfully declines Defendants' invitation to comb through more than 100 pages of "billing narratives" in search of additional examples that might support Defendants' argument.[3]  Accordingly, the Court denies Defendants' request for sanctions under § 1927.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Sanctions (Doc. 80).

Initials of Preparer:  enm

---

[3] The Court also denies Defendants' request for supplemental briefing regarding their request for sanctions under § 1927.  Defendants filed a memorandum of points and authorities and reply brief in support of their Motion for Sanctions.  They are not entitled to further briefing under the Federal Rules of Civil Procedure or the Local Rules, and the Court declines to exercise its discretion to permit such briefing.